**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000299
27-SEP-2024
07:59 AM
Dkt. 76 SO**

NO. CAAP-23-0000299

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

D.F., Plaintiff-Appellant, v.
T.F., nka T.Y., Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3DV181000175)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Father appeals from the Family Court of the Third Circuit's[1] April 17, 2023 "Decision and Order Following Trial re: Child Custody, Timesharing, Child Support, Child Related Expenses and Fees[.]"

In September 2019, the family court entered a divorce decree[2] awarding legal and physical custody of the three minor children to Father with a time-sharing schedule.  At the time of

---

[1]  The Honorable Jeffrey W. Ng presided.

[2]  The Honorable Charles H. Hite presided.

the divorce decree, Father was represented by counsel and Defendant-Appellee Mother was not.

In September 2020, a year later, and represented by counsel, Mother moved for post-decree relief requesting sole legal and physical custody of the children and to relocate to Connecticut. Mother provided a statement explaining that a change in custody was in the best interests of the children based on, among other reasons: lack of supervision while Father worked; Father's physical violence towards one of the children; Father's use of pain medication; and the children's poor performance and poor attendance at school.

Following trial, the family court found Mother credible and Father not credible. The family court further found that the issue of domestic violence was not litigated in the "initial divorce case," Father committed family violence, Father was emotionally abusive and used coercive control, "Mother's concern that Father abuses prescription medication and is unsafe for the Children is credible and valid," and Father neglected the children's educational and health needs.

The family court granted Mother's request as to the youngest child, concluding it was in that child's best interest to relocate with Mother. The family court noted that when the proceedings began, the oldest child was a minor but had turned 18 years old by the time trial ended and moved to another state.

The family court also noted the middle child was going to turn 18 in two months.

On appeal, Father argues (1) res judicata bars Mother's abuse claims, and (2) Mother failed to show relocation was in the youngest child's best interest.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** In asserting claim preclusion, Father contends "[i]f Mother desired for her allegations of abuse to be raised and considered by the Court prior to having their divorce finalized, she should - and could - have raised them at the divorce trial in August 2019" and in her motions to reconsider.

Res judicata, or claim preclusion, "prohibits a party from relitigating a previously adjudicated cause of action." Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004) (citation omitted). But, res judicata appears less constraining when a court considers the best interest of the child factors while modifying a custody order. See generally, Tumaneng v. Tumaneng, 138 Hawaiʻi 468, 473, 474, 382 P.3d 280, 285, 286 (2016) (allowing evidence of pre-decree family violence to be brought forth in a custody modification hearing).

Under Hawaiʻi Revised Statutes (**HRS**) § 571-46 (2018), the family court considers the best interest of the child when making a custody award, and *any* custody award is subject to further order by the court.  HRS § 571-46(a)(6) ("Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change[.]");  HRS § 571-46(a) ("In actions for divorce . . . or any other proceeding where there is at issue a dispute as to the custody of a minor child, the court . . . may make an order for the custody of the minor child as may seem necessary or proper.").

In every proceeding where the custody of a child is at issue, "a determination by the court that family violence has been committed by a parent raises a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of family violence." HRS § 571-46(a)(9).  And the family court is required to consider "[a]ny history of sexual or physical abuse of a child by a parent[.]"  HRS § 571-46(b)(1).

Here, the family court found the "issue of domestic violence was not litigated during the initial divorce case." Father does not challenge this finding in his points of error. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

The family court also found Father committed domestic violence and sexual violence against Mother, and committed domestic abuse against the oldest child who was still a minor at the start of trial. The family court also determined Father committed family violence. Father does not challenge these findings in his points of error. HRAP Rule 28(b)(4).

Under these circumstances, the family court properly considered evidence of violence in determining the best interests of the children pursuant to HRS § 571-46, and claim preclusion did not bar the consideration of such evidence.

**(2)** Father next contends the family court "was clearly erroneous and also abused its discretion in allowing [the youngest child] to relocate with Mother because Mother did not meet her burden of proving that the relocation was in [the youngest child]'s best interests." (Formatting altered.)

HRS § 571-46 sets forth the "[c]riteria and procedure in awarding custody and visitation," and "Hawaiʻi courts have consistently adhered to the best interests of the child standard as paramount when considering the issue of custody." HRS § 571-46 (emphasis omitted); Fisher v. Fisher, 111 Hawaiʻi 41, 50, 137 P.3d 355, 364 (2006). "In doing so, the family court is granted broad discretion to weigh the various factors involved, with no single factor being given presumptive paramount weight, in determining whether the standard has been met." Id.

Here, the family court methodically evaluated the 16 factors listed in HRS § 571-46(b), with 12 factors weighing in Mother's favor, one factor weighing in Father's favor, and the other three factors being inapplicable or not clearly in either party's favor.

As to the factors in Mother's favor, the family court found Father committed physical violence against the oldest child; Father was emotionally abusive and coercively controlling; Father neglected the children's educational, emotional, and health needs; Father did not support the children's relationship with Mother; Mother did not abandon the children but was escaping domestic violence; Mother's concern about children's safety due to father's use of pain medication was credible; Mother's claim that Father made visitation difficult was credible, and Mother demonstrated she was willing to consider the needs of the children ahead of her own.

The family court found Mother credible and, thus, Mother's testimony provided sufficient evidence to support these findings. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360 (citation omitted).

As to relocation in particular, the appointed custody fact finder in this case testified the youngest child "is bright and that the educational opportunit[ies] in Connecticut [are] substantially better than [Hawaiʻi]."  He further testified it was his opinion the youngest child "would do well overall and thrive in Connecticut."

Because the family court considered the factors outlined in HRS § 571-46(b), assessed the credibility of witnesses, and accorded weight to certain witnesses over others, the family court did not abuse its discretion in determining it was in the youngest child's best interest to relocate to Connecticut to live with Mother.  See Fisher, 111 Hawaiʻi at 50-51, 137 P.3d at 364-65 ("Inasmuch as the family court accorded weight to certain witnesses over others and those witnesses provided evidence that the relocation would benefit the children, the ICA did not err in upholding the family court's findings and conclusions regarding the best interests of the children.").

Based on the foregoing, we affirm the family court's April 17, 2023 "Decision and Order Following Trial re: Child

Custody, Timesharing, Child Support, Child Related Expenses and

Fees[.]"

DATED:  Honolulu, Hawaiʻi, September 27, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge

Rosa Flores,
for Plaintiff-Appellant.                /s/ Clyde J. Wadsworth
                                        Associate Judge

David B. Leas,
for Defendant-Appellee.                 /s/ Sonja M.P. McCullen
                                        Associate Judge